### BOLLES v. LEHIGH VALLEY R. CO.

(Circuit Court of Appeals, Second Circuit. March 10, 1908.)

#### No. 177.

1. CARRIERS—BILL OF LADING—STIPULATIONS—APPLICATION.

A bill of lading provided that property not removed within 24 hours after arrival at destination may be kept in the car, depot, or place of delivery of the carrier at the owner's risk, or may at the carrier's option be stored at the owner's risk and cost, subject to the carrier's freight lien. *Held*, that such clause was only applicable to property after it had reached its destination, and did not apply to hay transported under a contract requiring delivery at ship's side within lighterage limits of the port of New York, which had only reached the rail terminal at the time it was stored and destroyed.

2. SAME—FIRE EXEMPTION.

A clause in a bill of lading, providing that no carrier or party in possession of all or any of the property shall be liable for any loss thereof or damage thereto by fire, was applicable only in case the carrier at the time of the fire which destroyed the goods was "in possession" thereof.

3. SAME—STATE STATUTE—APPLICATION.

3 Starr & C. Ann. St. Ill. 1896, p. 3285, c. 114, par. 102, providing that, whenever any property is received by any railroad corporation to be transported, it shall not be lawful for the corporation to limit its common-law liability safely to deliver such property at the place to which the same is to be transported by any stipulation or limitation expressed in the receipt given for the safe delivery of such property, as construed by the courts of that state, does not apply to restrictions contained in that part of the bill of lading which constitutes a contract.

In Error to the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a judgment in favor of the defendant in error, who was defendant below. At the close of the plaintiff's case the trial judge dismissed the complaint.

Simpson, Thacher & Bartlett (J. P. Workum and Arthur S. Hamlin, of counsel), for plaintiff in error.

Alexander & Green (Allan McCulloh, of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. This action was brought to recover the value of a large amount of hay belonging to plaintiff's assignor, which had been shipped from certain points in Illinois by the Lake Shore-Lehigh Valley route to New York for export. The shippers and defendant's representative had agreed that the former would give a portion of their business to this line, of which the defendant was the final carrier, on the same terms and conditions as the route over which the said shippers had theretofore been sending their hay. These conditions were that the traffic was for export; that the rate was named by the initial carrier; that defendant was to participate in that rate, or whatever agreed division they had, with the initial line; that the shipments were to be delivered at the ship's side within lighterage limits of New York Harbor; and that the remuneration for performing the service was to cover the transportation and care of the property for a period of 60 days from the date of the bills of lading, in which time the consignor was to designate the vessel or point in New York Harbor to which the hay was to be delivered. Bills of lading containing the conditions of the uniform bill of lading were issued.

The hay, which is the subject of this controversy, came safely over defendant's line to its rail terminal in Jersey City, arriving some time before the expiration of the 60 days. Plaintiff was promptly notified of arrival. The hay, not being removed within 24 hours thereafter, was unloaded from the cars and stored in a warehouse owned by the National Storage Company, where thereafter, and within the 60 days, it was destroyed by fire. No vessel had been designated to which this hay was to be delivered. There was no evidence in the case tending to show any negligence. The trial judge dismissed the complaint solely on the ground that the fifth clause of the bill of lading was controlling of the case. It reads as follows:

"(5) Property not removed by the person or party entitled to receive it within 24 hours after its arrival at destination may be kept in the car, depot, or place of delivery of the carrier, at the sole risk of the owner of said property, or may be, at the option of the carrier, removed and otherwise stored at the owner's risk and cost, and there held subject to lien for all freight and other charges."

This clause, however, by its very terms, applies only when the property has reached its destination. The hay in question had not reached such destination when it arrived at the rail terminal of the defendant in Jersey City. The contract between the parties expressly provided that the carrier should transport it to ship's side within lighterage limits of the port of New York, and should hold it during the 60

days awaiting designation of the ship. There is nothing in this oral contract inconsistent with the terms of the subsequent bill of lading, which provides for transportation to "New York, N. Y., for export." The decision of the trial judge should therefore be reversed, unless there is some other ground on which a dismissal should be sustained. Defendant relies upon clause 1 of the bill of lading which reads:

"(1) No carrier or party in possession of all or any of the property herein described shall be liable for any loss thereof or damage thereto * * * by fire," etc.

Manifestly this clause applies only if the carrier at the time of the fire is "in possession" of the property. Whether the Lehigh Valley Railroad Company was in possession of the property after it had been placed in the storage warehouse of the National Storage Company depends on the facts and circumstances under which it was placed there. Upon a new trial these facts and circumstances will probably be more fully disclosed than they are in this record, and for that reason it seems better not to discuss that branch of the case further than to observe that the power of a common carrier to make contracts of this sort restricting his common-law liability is recognized in the federal courts when no negligence is shown, and that the provisions of the statute of Illinois which have been referred to (3 Starr & C. Ann. St. Ill. 1896, p. 3285, tit. "Railroads," par. 102) have been construed by the courts of that state as not applying to restrictions contained in that part of a bill of lading which may constitute a contract.

Judgment reversed, and cause remanded for new trial.